UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cynthia Dargan,<br>    Plaintiff,<br><br>v.<br><br>United States of America, Kristi Noem, as Secretary of the United States Department of Homeland Security (DHS), and United States Department of Homeland Security (DHS),<br>    Defendants. | CASE NO:     3:26-cv-607-SAL<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

COMES NOW Cynthia Dargan, Plaintiff in the above captioned action, and complaining of Defendants, shows this Honorable Court as follows:

### THE PARTIES

1. The Plaintiff is a citizen and resident of Sumter County, South Carolina.

2. Defendant **United States of America** is the Government of the United States of America.

3. Defendant **Kristi Noem**, as Secretary of the United States Department of Homeland Security (DHS) is an employee and working as the Secretary of the United States Department of Homeland Security (DHS), which is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and operating in the State of South Carolina.

4. Defendant **United States Department of Homeland Security (DHS)** is a departmental organization of the Government of the United States of America and existing under the laws of the District of Columbia and operating in the State of South Carolina.

### JURISDICTION

5. Jurisdiction properly lies with this Court pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680).

### VENUE

6. That because the Defendants do business within the County of Richland, State of South Carolina, and the events giving rise to this cause of action occurred in the County of Richland, State of South Carolina, which is in the division of Columbia, venue is proper within this division.

## **FACTUAL ALLEGATIONS**

7. That the allegations of paragraphs 1 through 5 above are realleged as if fully set forth herein verbatim.

8. On or about May 30, 2024, the Plaintiff was at the Columbia Metropolitan Airport (CAE), located at 3250 Airport Boulevard, West Columbia, South Carolina.

9. On May 30, 2024, the Plaintiff was planning to take a flight to San Antonio, Texas.

10. Defendants United States of America and United States Department of Homeland Security (DHS) were responsible for processing the Plaintiff through the airport checkpoints as she was maneuvering through the airport in hopes to make her flight to San Antonio, Texas.

11. On or about May 30, 2024, as the Plaintiff was proceeding through the TSA gate, the Plaintiff fell while following directions of the TSA Agent.

12. The TSA officers were giving the Plaintiff directions, repeatedly telling her to turn around, causing her to become dizzy and confused. Specifically, the Plaintiff was repeatedly told to turn both directions then step back. The Plaintiff turned several times as directed and fell when stepping back.

13. The Plaintiff's fall caused injury to her elbow, hip, leg, knee, and neck.

14. Following the Plaintiff's fall, EMS medics came and attended to her, but the Plaintiff elected to defer further medical treatment until she arrived at her destination in San Antonio, Texas.

15. Following being evaluated, the Plaintiff flew to Texas and was taken to the hospital by her daughter.

16. Prior to May 30, 2024, the Defendants knew that the public and various physically impaired and vision impaired people would be traveling through the TSA gate at the Columbia Metropolitan Airport (CAE), located at 3250 Airport Boulevard, West Columbia, South Carolina.

17. Further the Defendants knew that giving the public confusing and repeated instructions while processing them at the TSA gate could create an unreasonable dangerous condition.

18. The Plaintiff was on the Defendants' premises for the purpose of taking a flight to San Antonio, Texas.

19. The Plaintiff fell and was injured while following the instructions of the TSA Agent.

20. The instructions of the TSA Agent constituted a dangerous and hazardous condition.

21. Defendants knew or should have known through reasonable inspection that the instructions from the TSA Agent created an unreasonably dangerous condition at the time

of the Plaintiff's injury.

22. Prior to May 30, 2024, Defendants were familiar with giving instructions at the TSA gate and knew or should have known of the existence of the dangerous and hazardous condition to patrons, should their instructions be confusing.

23. That at all times herein mentioned the Plaintiff was acting in a prudent and lawful manner in her conduct on the premises.

24. The presence of the TSA Agent's instructions to the Plainitff was the sole and proximate cause of the Plaintiff's fall, and the Defendants, their agents and/or employees knew or should have known of its presence and that it constituted an unreasonable danger to members of the public.

25. At all times herein mentioned, the premises were under the direct operation and control of the Defendants, their agents and employees.

26. At all times herein, the Defendants owed a duty to their invitees, including the Plaintiff, to keep and maintain their floors in a reasonably safe condition for the use of their invitees, and to give clear instructions while at the TSA gate.

27. The Defendants had a duty not to create, or to allow to exist, dangerous conditions, or if such conditions existed, to give notice or warning thereof to their invitees.

28. The Defendants' actions did cause significant physical injury to the Plaintiff.

## FIRST CAUSE OF ACTION: AS TO ALL DEFENDANTS
## FEDERAL TORTS CLAIM ACT

29. That the allegations of paragraphs 1 through 28 above are realleged as if fully set forth herein verbatim.

30. Pursuant to the FTCA, 28 U.S.C. §§ 2671-2680, individuals who are injured or whose property is damaged by the wrongful or negligent act of a federal employee acting within his or her official duties may file a claim with the government for reimbursement for that injury or damage.

31. That the Plaintiff is eligible to file a FTCA for the Defendants' negligence in one or more of the following particulars, to wit:

   a. The Plaintiff was injured by the negligence of a federal government employee;
   b. The employee was acting within the scope of his or her official duties;
   c. The employee failed to provide clear non-repetitive instructions during screening;
   d. The employee failed to provide any assistance to stabilize individuals while screening;
   e. The employee was acting negligently or wrongfully; and
   f. The negligent or wrongful act proximately caused the injury or damage of

which the Plaintiff complains.

### SECOND CAUSE OF ACTION: AS TO ALL DEFENDANTS
### STATE TORTS CLAIM ACT

32. That the allegations of paragraphs 1 through 31 above are realleged as if fully set forth herein verbatim.

33. As per, South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-40 and 15-78-70, Defendants are proper for torts committed by their employees acting within the scope of their official duties.

34. That the Plaintiff is eligible to file a South Carolina Tort Claims Act for the Defendants' negligence in one or more of the following particulars, to wit:

    a. The Plaintiff was injured by the negligence of a federal government employee;
    b. The employee was acting within the scope of his or her official duties;
    c. The employee failed to provide clear non-repetitive instructions during screening;
    d. The employee failed to provide any assistance to stabilize individuals while screening;
    e. The employee was acting negligently or wrongfully; and
    f. The negligent or wrongful act proximately caused the injury or damage of which the Plaintiff complains.

### THIRD CAUSE OF ACTION: AS TO ALL DEFENDANTS
### NEGLIGENCE/GROSS NEGLIGENCE

35. That the allegations of paragraphs 1 through 34 above are realleged as if fully set forth herein verbatim.

36. That the Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a. In creating an unreasonable dangerous condition;
    b. In then and there failing to keep the area of pedestrian traffic used by the Plaintiff free from safety hazards in which area presented danger to those persons using the area of pedestrian traffic on the Defendants' premises;
    c. In then and there failing to properly maintain their premises so that there were no issues regarding a safe premises and that such violations or safety issues presented a safety hazard to those persons on the Defendants' premises;
    d. In failing to provide clear non-repetitive instructions during screening;
    e. In failing to provide any assistance to stabilize individuals while screening;
    f. In then and there failing to comply with statutes and regulations governing the Defendants' premises;
    g. In failing to take proper precautions to ensure that there existed no unreasonably dangerous conditions on the Defendants' premises;

4

      h. In failing to keep the premises in a reasonably safe condition for business invitees who may be present thereon;
      i. In failing to exercise the degree of care, caution, and prudence an reasonable TSA Agent would have exercised under the same or similar circumstances then and there prevailing; and
      j. In failing to warn of the dangerous conditions created by the drain on the floor which posed a foreseeable risk of injury to persons on the Defendants' premises.

37. All such acts of the Defendants were the direct and proximate cause of the injuries and damages the Plaintiff suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina and such acts were wanton, willful, reckless, negligent and grossly negligent and were without regard for the safety of Plaintiff and others on their premises.

38. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs.  The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

39. The Plaintiff has incurred expenses for medical care and other incidental costs. She has suffered psychological and physical pain, and this pain will continue to impair Plaintiff in the future. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

40. Plaintiff is informed and believes that she is entitled to judgment against the Defendants in the sum of such actual and punitive damages that a trier of fact may find, together with the costs of this action.

     WHEREFORE, the Plaintiff prays for judgment against the Defendants for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

                                            **WIGGER LAW FIRM, INC.**

                                            **s/ Matthew O. King**
                                            Matthew O. King, Esquire
                                            (Fed. ID #: 13793)
                                            Attorney for the Plaintiff
                                            8086 Rivers Avenue, Ste. A
                                            N. Charleston, SC  29406
                                            (843) 553-9800
                                            Email: mking@wiggerlawfirm.com

North Charleston, South Carolina
This **10th** of **February** 2026.